UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
:
**VESTER CAIN**, :
:
                Plaintiff, :
: **MEMORANDUM DECISION AND**
      – against – : **ORDER**
:
: 21-CV-4067 (AMD) (AYS)
:
**ADAM WEISS**, :
:
                Defendant. :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

    The *pro se* plaintiff filed an amended complaint in which he accuses the defendant of aiding and abetting a scheme to foreclose on the plaintiff's home by using a series of fraudulent deeds. Before the Court is the defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, I grant the defendant's motion and dismiss this case with prejudice.

## BACKGROUND

    On June 21, 2021, the plaintiff, proceeding *pro se*, sued the defendant in Nassau County Supreme Court, alleging that the defendant "unlawfully and unjustly and criminally" aided and abetted a bank's foreclosure on the plaintiff's home in Hempstead, New York. (ECF No. 1-2.) The defendant removed this case to federal court on the basis of federal question jurisdiction on July 20, 2021 (ECF No. 1 ¶ 8), and moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 25, 2021. (ECF No. 8.) On November 24, 2021, the plaintiff moved to strike all of the defendant's filings "due to criminal fraud" and asked for a jury trial. (ECF No. 15.) I dismissed the complaint on January 5, 2022, but granted the plaintiff leave to file an amended complaint. (ECF No. 17.) I advised the plaintiff that he "must specify

what claims he brings against the plaintiff and plead facts to support those claims," and that if he did not comply with the order, "the action will be dismissed, and judgment will enter." (*Id.*)

On February 9, 2022, the plaintiff filed an amended complaint, which largely restates the allegations and claims he made in his original complaint. (*Compare* ECF No. 1-2, *with* ECF No. 18.) He alleges that the defendant aided and abetted other parties to "steal" the plaintiff's home by filing fraudulent deeds with New York state and local government, thereby transferring ownership of his home to someone else. (ECF No. 18 at 4-5.) The plaintiff claims that the defendant's acts constituted fraud and conversion, and violated the First, Fifth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. §§ 1983, 1985 and 1988, 18 U.S.C. § 1028 and "any applicable" federal criminal laws, N.Y. Penal Law §§ 175, 175.35, 190.65, N.Y. Real Property Law §§ 265, 265-a (the "Home Equity Theft Prevention Act") and the New York "Deed Theft" Law. (*Id.* at 4-12.) He also alleges that the defendant aided and abetted other parties' failure to produce records as required by Rule 3408(e)(1) of the New York Civil Practice Law and Rules (*id.* at 12-13), and that the defendant committed perjury when he told the plaintiff's process server Nehemiah Rolle that he (the defendant) did not represent the bank foreclosing on the plaintiff's home in a related state action, which also violated N.Y. Executive Law § 63(12). (*Id.* at 13-16.)[1] The plaintiff seeks restitution, "restoration" of his home, $100 million in compensatory damages and $75 million in punitive damages, as well as a declaratory judgment that the defendant criminally aided and abetted the bank and the bank's loan servicer. (*Id.* at 2-3.)

---

[1] At one point in his complaint, the plaintiff alleges that the defendant committed "grand larceny," a New York state crime. (ECF No. 18 at 3.)

2

On February 24, 2022, the defendant moved to dismiss the amended complaint. (ECF No. 19.) On March 28, 2022, the plaintiff filed a motion to strike, which I construe as a response to the defendant's motion to dismiss. (ECF No. 20.)

## LEGAL STANDARD

In order to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings are to be construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F. 3d 150, 160 (2d Cir. 2010).

A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). "This is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).

## DISCUSSION

### I. Fraud-Related Claims

The plaintiff alleges that the defendant aided and abetted the other parties who foreclosed on the plaintiff's home, thus violating 18 U.S.C. § 1028, a criminal statute that prohibits the

3

production, transfer and use of certain identification documents, false identification documents and authentication features. *See* 18 U.S.C. § 1028(a). There is no private right of action for violating this statute, and thus no private right of action under a theory of aiding and abetting. Even if there were a private right of action, the plaintiff does not allege which, if any, documents were part of the foreclosure and sale at issue or explain how these documents were related to the allegedly fraudulent deeds. Accordingly, he does not state a claim that the defendant aided and abetted a violation of 18 U.S.C. § 1028. *See United States v. Delgado*, 972 F.3d 63, 73 (2d Cir. 2020), *as amended* (Sept. 1, 2020), *cert. denied sub nom. Anastasio v. United States*, 141 S. Ct. 1114 (2021) ("The general federal aiding-and-abetting statute provides in relevant part that '[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.'" (quoting 18 U.S.C. § 2(a))).

The plaintiff alleges that the defendant aided and abetted the other parties who foreclosed on the plaintiff's home in committing fraud. "To plead properly a claim for aiding and abetting fraud, the complaint must allege: (1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud." *ICD Cap., LLC v. CodeSmart Holdings, Inc.*, 842 F. App'x 705, 706 (2d Cir. 2021) (internal alterations omitted). "Plaintiffs must allege a defendant's 'actual knowledge' of the underlying fraud and must do so in accordance with the heightened pleading standards of Rule 9(b)." *Id.* (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292-93 (2d Cir. 2006)). "Rule 9(b) requires a plaintiff to allege facts that, among other things, give rise to a strong inference that the defendant had actual knowledge of the alleged fraud." *Universal Ent. Events, Inc. v. Classic Air Charter, Inc.*, No. 15-CV-1104, 2016 WL 951534, at *5 (E.D.N.Y. Mar. 8, 2016). The plaintiff alleges that the defendant filed fraudulent deeds but does not

4

explain why these deeds were fraudulent or how the defendant knew that they were fraudulent; thus, he fails to state a claim that the defendant aided and abetted fraud.

The plaintiff alleges that the defendant aided and abetted the illegal conversion of the plaintiff's home. "A claim for aiding and abetting conversion requires proof of (1) the existence of a primary violation, (2) knowledge of the violation by the aider and abettor; and (3) proof that the aider and abettor substantially assisted the primary wrongdoer." *Amusement Indus., Inc. v. Midland Ave. Assocs., LLC*, 820 F. Supp. 2d 510, 535 (S.D.N.Y. 2011). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Cherry v. Alderman*, No. 08-CV-4035, 2011 WL 6102052, at *5 n.8 (E.D.N.Y. Sept. 27, 2011), *report and recommendation adopted*, No. 08-CV-4035, 2011 WL 6110798 (E.D.N.Y. Dec. 7, 2011). The tort of conversion "does not apply to real property," but "a plaintiff may maintain a conversion claim based on the proceeds from a sale of real property." *Id.* Even if the plaintiff alleged that the defendant aided and abetted the possession of the proceeds from the sale of his home, he does not allege any facts that establish his right to those proceeds.

The plaintiff alleges that the defendant aided and abetted violations of the First, Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1983, 1985 and 1988, "any applicable" federal criminal laws, N.Y. Penal Law §§ 175, 175.35, 190.65, the Home Equity Theft Prevention Act and the New York "Deed Theft" Law. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the plaintiff does not allege how the defendant aided and abetted the violation of these laws. *Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

(internal quotation marks and alterations omitted)). Moreover, with respect to the alleged criminal violations, there is no private right of action for these statutes. *See, e.g.*, *Parker v. Soares*, No. 19-CV-113, 2019 WL 2232591, at *7 (N.D.N.Y. May 23, 2019) ("The law is clear that there is no private right of action to enforce either state or federal criminal statutes." (internal quotation marks omitted) (collecting cases)), *report and recommendation adopted*, No. 19-CV-113, 2019 WL 2491918 (N.D.N.Y. June 14, 2019).

## II. Discovery Claims

The plaintiff alleges that the defendant aided and abetted other parties in failing to produce records related to this case, as required under Rule 3408(e)(1) of the New York Civil Practice Law and Rules. Rule 3408 requires state courts in New York to hold a mandatory settlement conference in certain home foreclosure actions, *see* N.Y. C.P.L.R. 3408(a), and Subsection (e) describes the notice that should be sent to parties ahead of the conference and the documents they must bring. *See* N.Y. C.P.L.R. 3408(e). This rule does not provide for a private cause of action and even if it did, rules that govern state court proceedings are not binding on federal courts. *Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead by its Bd. of Trustees of Vill. of New Hempstead*, 98 F. Supp. 2d 347, 359 (S.D.N.Y. 2000) ("[T]he Supreme Court has held that when there is a conflict between federal and state law, 'federal courts are to apply state "substantive" law and federal "procedural" law.'" (quoting *Hanna v. Plumer*, 380 U.S. 460, 471 (1965))).

## III. Perjury Claim

The plaintiff alleges that the defendant perjured himself when he said that he did not represent the bank that foreclosed on the plaintiff's property in a related state action. First, to the extent that the plaintiff is citing federal criminal law, he has no right to bring a criminal action for perjury. In any event, according to the plaintiff, the defendant made his statements to

Nehemiah Rolle, not the plaintiff, and the plaintiff does not allege that the defendant made his statements under oath or penalty of perjury, *see* 18 U.S.C. § 1621, or that he swore falsely.  *See* N.Y. Penal Law § 210.

The plaintiff separately alleges that the defendant violated N.Y. Executive Law § 63(12) when he perjured himself and when he removed the plaintiff's case from state court to federal court.  N.Y. Executive Law § 63(12) allows the New York Attorney General to obtain injunctive relief, restitution, and damages from any person who engages "in repeated fraudulent or illegal acts . . . in the carrying on, conducting or transaction of business."  The plaintiff cannot state a claim under this statute because it does not provide a private right of action.  *See, e.g.*, *Cummins v. Select Portfolio Servicing, Inc.*, No. 14-CV-5121, 2016 WL 11395016, at *7 (E.D.N.Y. Aug. 23, 2016) ("As a private citizen, plaintiff may not bring a claim on her own behalf under this statute."), *report and recommendation adopted*, 2016 WL 4766237 (E.D.N.Y. Sept. 13, 2016).

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted and the case is dismissed with prejudice. *See Cook v. Dewitt*, No. 19-CV-2780, 2022 WL 580774, at *4 (S.D.N.Y. Feb. 25, 2022) (explaining that where "the Court has put Plaintiff on notice of the deficiencies in his original complaint and given him an opportunity to correct these deficiencies in an Amended Complaint, but Plaintiff has failed to do so, dismissal with prejudice is appropriate." (quoting *Coon v. Benson*, No. 09-CV-00230, 2010 WL 769226, at *4 (S.D.N.Y. Mar. 8, 2010)). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

                                                            s/Ann M. Donnelly  
                                                            ANN M. DONNELLY  
                                                            United States District Judge

Dated: Brooklyn, New York  
       May 17, 2022